IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:11-CV-151-RLV-DCK

| | |
|---|---|
| SEAN M. HICKS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Motion For Summary Judgment" (Document No. 11) and Defendant's "Motion For Summary Judgment" (Document No. 15). This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(B). After careful consideration of the written arguments, administrative record, and applicable authority, the undersigned will respectfully recommend that Plaintiff's "Motion For Summary Judgment" be denied; that Defendant's "Motion For Summary Judgment" be granted; and that the Commissioner's decision be affirmed.

## I. BACKGROUND

Plaintiff Sean M. Hicks ("Plaintiff") seeks judicial review of an unfavorable administrative decision on his application for disability benefits. (Document No. 1). On December 23, 2009, Plaintiff filed an application for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 405 *et seq.*, and for supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. § 1383 *et seq.*, alleging an inability to work due to a disabling condition beginning December 15, 2004. (Transcript of the Record of Proceedings ("Tr.") 15). The Commissioner of Social Security (the "Commissioner" or

"Defendant") denied Plaintiff's application initially on March 31, 2010, and again after reconsideration on July 9, 2010. (Tr. 15). Plaintiff filed a timely written request for a hearing on July 21, 2010. Id.

On April 6, 2011, Plaintiff appeared and testified at a hearing before Administrative Law Judge Wendell M. Sims ("ALJ"). (Tr. 15, 30-50). In addition, Janette Clifford, a vocational expert ("VE"), and Joseph R. Foley, claimant's attorney, appeared at the hearing. Id. At the hearing, the ALJ granted Plaintiff's motion to amend the alleged disability onset date to November 16, 2009. (Tr. 15, 33). The ALJ issued an unfavorable decision denying Plaintiff's claim on May 13, 2011. (Tr. 15-23). Plaintiff filed a request for review of the ALJ's decision on June 15, 2011, which was denied by the Appeals Council on August 29, 2011. (Tr. 1-3). The May 13, 2011 ALJ decision thus became the final decision of the Commissioner when the Appeals Council denied Plaintiff's review request. Id.

Plaintiff's "Complaint" seeking a reversal of the ALJ's determination was filed in this Court on October 20, 2011. (Document No. 1). On January 18, 2012, the undersigned was assigned to this case as the referral magistrate judge. Also on January 18, 2012, the Court issued a "Pretrial Scheduling Order" (Document No. 8) setting deadlines for the parties to file their motions and supporting memoranda. Plaintiff requested an extension of time "to review laws and prepare Motion For Summary Judgment and supporting memorandum of law" on March 12, 2012, which was granted by the Court. (Document Nos. 9-10).

Plaintiff's "Motion For Summary Judgment" (Document No. 11) was filed April 13, 2012, and Plaintiff's "Addendum To Plaintiff's Motion For Summary Judgment" (Document No. 14) was filed on July 2, 2012. Defendant's "Motion For Summary Judgment" (Document No. 15) and "Memorandum In Support Of The Commissioner's Decision" (Document No. 16), were filed July

2

12, 2012. The pending motions are ripe for disposition, and therefore, a memorandum and recommendation to the Honorable Richard L. Voorhees is appropriate.

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision; and (2) whether the Commissioner applied the correct legal standards. Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

The Fourth Circuit has made clear that it is not for a reviewing court to re-weigh the evidence or to substitute its judgment for that of the Commissioner – so long as that decision is supported by substantial evidence. Hays, 907 F.2d at 1456 (4th Cir. 1990); see also, Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); Hancock v. Astrue, 657 F.3d 470, 472 (4th Cir. 2012). "Substantial evidence has been defined as 'more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401).

Ultimately, it is the duty of the Commissioner, not the courts, to make findings of fact and to resolve conflicts in the evidence. Hays, 907 F.2d at 1456; King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) ("This court does not find facts or try the case *de novo* when reviewing disability determinations."); Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistences in the medical evidence, and that it is the claimant who bears the risk of nonpersuasion."). Indeed, so long as the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the

3

reviewing court disagrees with the final outcome. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION

The question before the ALJ was whether Plaintiff was under a "disability" as that term of art is defined for Social Security purposes, at any time between November 16, 2009, and Plaintiff's date last insured, December 31, 2009.[1] (Tr. 15, 23). To establish entitlement to benefits, Plaintiff has the burden of proving that he was disabled within the meaning of the Social Security Act. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987). The ALJ concluded that Plaintiff was not under a disability at any time from December 15, 2004, through the last date insured, December 31, 2009. (Tr. 23).

The Social Security Administration has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. § 404.1520(a). The five steps are:

> (1) whether claimant is engaged in substantial gainful activity - if yes, not disabled;
>
> (2) whether claimant has a severe medically determinable physical or mental impairment, or combination of impairments that meet the duration requirement in § 404.1509 - if no, not disabled;
>
> (3) whether claimant has an impairment or combination of impairments that meets or medically equals one of the listings in appendix 1, and meets the duration requirement - if yes, disabled;

---

[1] Under the Social Security Act, 42 U.S.C. § 301, *et seq.*, the term "disability" is defined as an: inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 42 U.S.C. § 423(d)(1)(A)).

> (4) whether claimant has the residual functional capacity ("RFC") to perform her/his past relevant work - if yes, not disabled; and
>
> (5) whether considering claimant's RFC, age, education, and work experience he/she can make an adjustment to other work - if yes, not disabled.

20 C.F.R. § 404.1520(a)(4)(i-v).

**A. ALJ Decision**

In this case, the ALJ determined at the fifth step that Plaintiff was not disabled. (Tr. 23). Specifically, the ALJ first concluded that Plaintiff had not engaged in any substantial gainful activity since November 16, 2009, his alleged disability onset date. (Tr. 17). At the second step, the ALJ found that Plaintiff's diabetes mellitus with peripheral neuropathy, hypertension, depression, and anxiety, were severe impairments. (Tr. 17).[2] At the third step, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed in 20 C.F.R. 404, Subpart P, Appendix 1. (Tr. 17).

Next, the ALJ assessed Plaintiff's RFC and found that he retained the capacity to perform light work activity, with the following limitations:

> occasional kneeling and should avoid concentrated exposure hazards. The claimant has the ability to lift and carry up to 20 pounds occasionally and 10 pounds frequently; as well as sit, stand and walk 6 hours in an 8-hour workday. Additionally, due to the claimant's problems with concentration, he would be limited to simple, routine repetitive tasks.

---

[2] The determination at the second step as to whether an impairment is "severe" under the regulations is a *de minimis* test, intended to weed out clearly unmeritorious claims at an early stage. See Bowen v. Yuckert, 482 U.S. 137 (1987).

(Tr. 19). In making his finding, the ALJ specifically stated that he "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence." Id. The ALJ further opined that "the claimant's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment." (Tr. 21). At the fourth step, the ALJ found that Plaintiff could not perform his past relevant work as a licensed dispensing optician. (Tr. 22).

At the fifth and final step, the ALJ concluded based on the testimony of a vocational expert and "considering the claimant's residual functional capacity, age, education, and work experience" that Plaintiff could make "a successful adjustment to other work" and that jobs existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 22-23). Specifically, the vocational expert testified that according to the factors given by the ALJ, occupations claimant could perform included mail clerk, folder, and storage rental clerk. (Tr. 23). Therefore, the ALJ concluded that Plaintiff was not under a "disability," as defined by the Social Security Act, at any time between December 15, 2004, and the date last insured, December 31, 2009. Id.

**B. Plaintiff's Motion**

Plaintiff's "Motion For Summary Judgment" (Document No. 11) fails to specifically allege that the ALJ's decision was either (1) unsupported by substantial evidence, or (2) applied incorrect legal standards. See Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Rather, Plaintiff's motion presents a dozen vague and/or conclusory statements, none of which appear to be related to the relevant time period. Plaintiff's motion mostly

appears to make assertions related to his current condition. Moreover, Plaintiff's filings do not include a "Supporting memorandum of law" as specifically ordered by the Court. (Document No. 8).

Plaintiff's only direct reference to the ALJ's decision states that he "believes to have been improperly judged . . . As he suffers from severe diabetic neuropathy of hands, knees and feet . . . [and] also suffers from depression and anxiety." (Document No. 11, ¶ 3). Even construing this statement to describe Plaintiff's condition during the relevant time period, it does not suggest any error by the ALJ. In fact as noted above, the ALJ found that Plaintiff's diabetes mellitus with peripheral neuropathy, hypertension, depression, and anxiety, were severe impairments. (Tr. 17). However, the ALJ determined that these impairments imposed no "more than minimal limitation on the claimant's ability to perform basic work functions." Id.

Plaintiff's motion also contends that during the hearing he "was denied to have his spouse enter the hearing or allowed to have her speak on his behalf." (Document No. 11, ¶ 2). Contrary to this assertion, the transcript shows that Plaintiff's counsel offered an opportunity for the ALJ to hear from Plaintiff's spouse because he thought it might be helpful, but that the ALJ declined. (Tr. 38). The undersigned is not persuaded that this exchange constitutes error by the ALJ.

Plaintiff filed an "Addendum to Plaintiff's Motion For Summary Judgment" (Document No. 14) which consists of assessments and/or reports related to Plaintiff's apparent attempts to seek employment between January and June 2012. However, the "Addendum..." also fails to address issues subject to this Court's review and are not relevant to the question of whether or not Plaintiff was "disabled" prior to December 31, 2009.

**C. Defendant's Motion**

Defendant has filed a thorough and compelling "Memorandum In Support Of The Commissioner's Decision" (Document No. 16) along with his "Motion For Summary Judgment" (Document No. 15). In most pertinent part, Defendant makes persuasive arguments that the ALJ correctly assessed Plaintiff's RFC, properly evaluated Plaintiff's subjective statements, and relied on substantial evidence to determine that Plaintiff was not disabled between December 15, 2004 and/or November 16, 2009, and December 31, 2009. (Document No. 16, pp. 13-19).

Defendant specifically cites to the medical evidence relied upon by the ALJ, as well as the evidence of Plaintiff's daily activities, to support the ALJ's decision. (Document No. 16, pp.13-15). Defendant notes that "Plaintiff could manage finances, perform household chores, drive, care for his children, and interact with others without difficulty." (Document No. 16, p.15) (citing Tr. 178-183, 197-202). Finally, as also noted by Defendant, the ALJ utilized VE testimony in finding that there were jobs in the economy that Plaintiff could perform, including: mail clerk, folder, and storage facility rental clerk. (Document No. 16, pp.18-19) (citing Tr. 48-49).

Based on Defendant's arguments, and the lack of any persuasive arguments or authority presented by Plaintiff, the undersigned finds that the Defendant's motion should be granted, and the Plaintiff's motion should be denied.

### IV. CONCLUSION

In short, substantial evidence appears to support the ALJ's decision in this case. After careful consideration of the parties' filings and of the record, the undersigned believes that there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," and thus substantial evidence supports the Commissioner's decision. Richardson v. Perales, 402 U.S. 389, 401 (1971); Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). As such, the

8

undersigned will recommend that the Commissioner's decision be affirmed.

## V. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that: Plaintiff's "Motion For Summary Judgment" (Document No. 11) be **DENIED**; Defendant's "Motion For Summary Judgment" (Document No. 15) be **GRANTED**; and the Commissioner's determination be **AFFIRMED**. In the alternative, the Court might deny the motions without prejudice and allow Plaintiff an additional opportunity to file a motion properly addressing the ALJ's decision regarding his condition during the relevant time period.

## VI. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within fourteen (14) days of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

The Clerk is directed to send copies of this Memorandum and Recommendation to the *pro se* Plaintiff, counsel for Defendant and the Honorable Richard L. Voorhees.

**IT IS SO RECOMMENDED**.

Signed: October 22, 2012

David C. Keesler
United States Magistrate Judge