# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL CASE NO. 5:11-cv-00151-MR

| | |
|---|---|
| SEAN M. HICKS, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>CAROLYN W. COLVIN, Acting )<br>Commissioner of Social Security, )<br>)<br>Defendant. )<br>_____ ) | <u>O R D E R</u> |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Summary Judgment [Doc. 11]; the Defendant's Motion for Summary Judgment [Doc. 15]; the Magistrate Judge's Memorandum and Recommendation regarding the disposition of those motions [Doc. 17]; and the Plaintiff's Objections to the Memorandum and Recommendation [Doc. 22].

## I. PROCEDURAL BACKGROUND

The Plaintiff Sean M. Hicks protectively filed applications for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI") payments on December 23, 2009, claiming that he

became disabled on December 15, 2004, due to the following impairments: diabetes; diabetic neuropathy in the hands, legs, and feet; depression; hypertension; and chronic knee and foot pain. [Administrative Transcript ("Tr.") at 136-41, 164, 168]. After his applications were denied both initially and upon reconsideration, the Plaintiff requested an administrative hearing. [Tr. 82-85, 91-97, 91-100]. Administrative Law Judge ("ALJ") Wendell M. Sims held a hearing on April 6, 2011, at which the Plaintiff, who was represented by counsel, and a vocational expert appeared and testified. [Tr. 30-50]. The ALJ issued his decision on May 13, 2011, finding that the Plaintiff was not disabled. [Tr. 19]. The Appeals Council denied Plaintiff's request for review, thus rendering the ALJ's decision the final decision of the Commissioner. [Tr. 1-3]. Having exhausted his administrative remedies, the Plaintiff, proceeding *pro se*, commenced the present action seeking judicial review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g).

At the direction of the Court, the Plaintiff and the Defendant filed their respective motions for summary judgment. [Docs. 11, 15]. Pursuant to 28 U.S.C. § 636(b) and a specific Order of referral of the District Court, the Honorable David C. Keesler, United States Magistrate Judge, was

designated to consider these pending motions and to submit to this Court a recommendation for their disposition.

On October 22, 2012, the Magistrate Judge filed a Memorandum and Recommendation in this case recommending that the Commissioner's decision be affirmed. [Doc. 17]. The parties were advised that any objections to the Magistrate Judge's Memorandum and Recommendation were to be filed in writing within fourteen (14) days of service. [Id.].

On November 8, 2012, counsel filed a Notice of Appearance on behalf of the Plaintiff. [Doc. 18]. That same day, Plaintiff's counsel filed a motion, seeking "additional time to move for the dismissal of motions previously filed," including those upon which the Magistrate Judge already had issued his Memorandum and Recommendation. [Doc. 19]. Alternatively, Plaintiff's counsel requested an enlargement of time within which to file objections to the Memorandum and Recommendation. [Id.]. On November 13, 2012, the Court entered an Order denying Plaintiff's request for time to seek dismissal of the previously filed motions, but granted Plaintiff's request for an extension of time within which to file objections. [Doc. 20]. The Plaintiff timely filed his Objections on November 30, 2012. [Doc. 22]. The Defendant filed a response to those Objections on December 17, 2012. [Doc. 23].

On June 14, 2013, this matter was reassigned to the undersigned. Having been fully briefed, this matter is now ripe for disposition.

## II. STANDARD OF REVIEW

The Federal Magistrate Act requires a district court to "make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In order "to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007). The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge to which no objections have been raised. Thomas v. Arn, 474 U.S. 140, 150 (1985). Additionally, the Court need not conduct a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).

## III. DISCUSSION

As noted by the Magistrate Judge in his Memorandum and Recommendation, the Plaintiff's *pro se* motion for summary judgment

"presents a dozen vague and/or conclusory statements, none of which appear to be related to the relevant time period." [Doc. 17 at 6]. Further, the Plaintiff failed to file a supporting memorandum of law in contravention of the Court's prior Order [Doc. 8] and the Local Rules. [Doc. 17 at 6]. Despite these deficiencies, the Magistrate Judge proceeded to address the Plaintiff's arguments, to the extent that such arguments related to the ALJ's decision. Ultimately, the Magistrate Judge concluded that "the ALJ correctly assessed Plaintiff's [residual functional capacity], properly evaluated Plaintiff's subjective statements, and relied on substantial evidence to determine that Plaintiff was not disabled between December 15, 2004 and/or November 16, 2009, and December 31, 2009." [Id. at 8].

Although the Plaintiff characterizes his latest filing as objections to the Magistrate Judge's Memorandum and Recommendation, a review of the pleading demonstrates that the Plaintiff is in fact asking the Court to disregard the Memorandum and Recommendation in its entirety and allow him to argue his motion for summary anew. Specifically, the Plaintiff states in his Objections as follows:

> Plaintiff requests the following relief:
>
> 1. Pursuant to Rule 15, Plaintiff requests that the Court deny Plaintiffs "Motion for Summary Judgment" and Defendant's "Motion for Summary

> Judgment" without prejudice and allow Plaintiff an additional opportunity to file a motion properly addressing the ALJ's decision regarding the claimant during the relevant time period.
>
> 2. An opportunity to [f]ile a Memorandum in Support of an Amended Plaintiff's Motion for Summary Judgment or, in the alternative, accept arguments set out herein in lieu of a separate Memorandum in Support of Plaintiff's Motion for Summary Judgment.

[Doc. 22 at 8].

The Plaintiff's request at this late date to amend his summary judgment motion – or alternatively, to accept his objections as arguments in support of the original motion -- is an obvious attempt to circumvent the recommendation of the Magistrate Judge regarding the parties' dispositive motions. See Googerdy v. N.C. Agric. and Technical State Univ., 386 F.Supp.2d 618, 623 (M.D.N.C. 2005). "To allow the Plaintiff[ ] to amend [his motion] at this stage of the proceedings, after the Magistrate Judge has issued a formal recommendation regarding the disposition of a dispositive motion, would not only prejudice the Defendant[ ], who ha[s] expended the time and expense of fully briefing a motion to dismiss; it would encourage dilatory practices on the part of plaintiffs in delaying motions for leave to amend until after they have the benefit of a Magistrate Judge's opinion...." Bailey v. Polk County, No. 1:10cv264, 2011 WL 4565449, at *4 (W.D.N.C.

Sept. 29, 2011) (citation omitted). Moreover, allowing such amendment would "impermissibly place a federal judge in the position of rendering advisory opinions." Id. (citation omitted). The referral of dispositive motions to the Magistrate Judge for a recommendation as to their disposition is not intended to provide the parties with an advisory ruling on the merits of the case. Rather, it is a mechanism by which the Magistrate Judge can evaluate the arguments raised by the parties and make recommendations to the District Court regarding the disposition of the motions pending before it. Once a Magistrate Judge has made a recommendation, the parties must file properly supported objections in order to obtain *de novo* review of that recommendation by the District Court. See Orpiano, 687 F.2d at 47. The Plaintiff's request to amend his motion, however, would render this entire procedure a nullity and "would wreak havoc on the judicial system by adding substantial delay and undermining the Federal Rules of Civil Procedure." Googerdy, 386 F.Supp.2d at 623. For all of these reasons, the Plaintiff's request to amend his motion for summary judgment is denied.

To the extent that the Plaintiff's pleading can be construed as Objections to the Memorandum and Recommendation, the Plaintiff fares no better. The majority of Plaintiff's argument is directed to challenging the

decision rendered by the ALJ rather than the Magistrate Judge's findings and conclusions. Indeed, the Plaintiff references the findings of the Magistrate Judge only once in his argument, stating that "[t]he Magistrate[ ] [Judge's] Memorandum and Recommendation would have the Court adopt the abbreviated conclusion that the ALJ assessed Plaintiff's [residual functional capacity] and found that he retained the capacity to perform light work activity." [Doc. 22 at 5 (internal quotation marks and citation omitted)]. To the extent that this argument can be construed as a specific objection to the Memorandum and Recommendation, the Court finds such objection to be without merit. In his decision, the ALJ concluded that the Plaintiff retained the residual functional capacity to perform the demands of light work that does not require more than occasional kneeling, does not involve concentrated exposure to hazards, and is limited to the performance of simple, routine, repetitive tasks. [Tr. 19]. In reaching this conclusion, the ALJ considered the Plaintiff's medical records, which indicated that Plaintiff's diabetes improved when he was compliant with medication; that the Plaintiff demonstrated good muscle tone and bulk with his strength in the upper and lower extremities rating five on a five point scale (5/5); that his gait was intact; and that he could tandem walk without difficulty. [Tr. 19-21]. Further, while the Plaintiff complained of tingling and paresthesias

in both lower extremities, the ALJ observed that nerve conduction studies were normal. [Id.]. The medical evidence, as cited by the ALJ, substantially supports the ALJ's finding that Plaintiff retained the capacity to perform a range of light work.

In addition to this medical evidence, the ALJ supported his residual functional capacity finding with references to the Plaintiff's own testimony regarding his daily activities, including the fact that he could lift twenty to thirty pounds. [Tr. 21, 40]. The ALJ also afforded great weight to the opinion of the State Agency medical consultant, who based on a review of the record determined that Plaintiff retained the capacity to perform a range of light work. [Tr. 21].

Finally, while acknowledging the Plaintiff's complaints of depressive feelings, increased irritability, sleep disturbance, little energy, and difficulty concentrating, the ALJ noted that such symptoms were described in the medical records as being well-controlled on medication. [Tr. 20-21]. Nevertheless, the ALJ took into the functional restrictions imposed by the Plaintiff's depression and anxiety into account when he determined that the Plaintiff's mental impairments restricted him to simple, routine, repetitive tasks. [Tr. 19].

In sum, there is substantial evidence in the record to the ALJ's residual functional capacity assessment. Accordingly, the Plaintiff's objection in this regard is overruled.

IV. **CONCLUSION**

After careful consideration of the Magistrate Judge's Memorandum and Recommendation [Doc. 17] and the Plaintiff's Objections thereto [Doc. 22], the Court finds that the Magistrate Judge's proposed findings of fact are correct and that his proposed conclusions of law are consistent with current case law. Accordingly, the Court hereby overrules the Plaintiff's Objections and accepts the Magistrate Judge's recommendation that the Commissioner's decision in this case be affirmed.

**O R D E R**

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Objections to the Memorandum and Recommendation [Doc. 22] are **OVERRULED**, and the Memorandum and Recommendation [Doc. 17] is **ACCEPTED**.

**IT IS FURTHER ORDERED** that the Plaintiff's Motion for Summary Judgment [Doc. 11] is **DENIED**; the Defendant's Motion for Summary Judgment [Doc. 15] is **GRANTED**; and this case is hereby **DISMISSED**.

A judgment shall be entered contemporaneously herewith.

**IT IS SO ORDERED.**   Signed: March 26, 2014

Martin Reidinger
United States District Judge